AGRICULTURAL CREDIT CO., RESPONDENT, *v.* O'ROURKE,
SHERIFF, APPELLANT.

(No. 4,950.)

(Submitted November 27, 1922. Decided December 21, 1922.)

[211 Pac. 200.]

*Claim and Delivery—Complaint—Insufficiency—Pleading and
Practice—Waiver of Defect in Complaint.*

Claim and Delivery—Plaintiff's Right to Possession must be Exclusive.
   1.   To enable one· to maintain an action in claim and delivery his
right to the possession of a chattel must be exclusive, and therefore
one joint owner cannot alone sue a stranger for its possession.

Same—Joint Ownership of Property—Action by One of the Owners not
Maintainable.
   2.   *Held,* under the above rule, that where plaintiff in his complaint
in an action in claim and delivery to recover the possession of an
automobile grounded his claim of right to its immediate possession
upon his special property interest as assignee under a mortgage, he
disclosed that he was not its exclusive owner, rendering the pleading
insufficient to state a cause of action.

Same—Complaint—Insufficiency—Failure to Demur—When not Waiver of
Defect.
   3.   Since the defect in the complaint mentioned above was not one
of parties plaintiff but went to the sufficiency of the pleading, the
contention that· by failing to raise the question of defect by special
demurrer it is to be deemed waived has no merit.

*Appeal from District Court, Silver Bow County; W. E. Car-
roll, Judge.*

ACTION by the Agricultural Credit Company against John
K. O'Rourke, as Sheriff of Silver Bow County, Montana.
Judgment for plaintiff and defendant appeals. Reversed with
directions to enter judgment in favor of defendant.

*Mr. C. A. Spaulding,* for Appellant, submitted a brief and
argued the cause orally.

---

   1.  General rules as to title necessary to support replevin, see note in
1 Ann. Cas. 984.
   Right of one not a party to the original replevin action to recover the
property seized under process in that action, see note in 5 L. R. A. (n. s.)
495.

Citing: *Bain* v. *Trixler* (Ind.), 56 N. E. 690; *Corcoran* v. *White,* 146 Mass. 329, 15 N. E. 636; *Bryant* v. *Dyer* (Mo.), 70 S. W. 516.

*Messrs. Binnard & Rodger,* for Respondent, submitted a brief; *Mr. Joseph Binnard* argued the cause orally.

Respondent contends that if the Navy Yard Development Company had any interest in the automobile, or could in any manner be considered a co-owner therein, the only way that the appellant could have availed himself of the benefits of a non-joinder in the lower court was by a plea in abatement, and having failed to raise the question by way of plea in abatement, he has waived the same, and any rights which he may have had thereunder. We submit that the identical question involved has been considered by the courts of different jurisdictions, and while it may be conceded that a diversity of opinion exists in some jurisdictions, we are inclined to believe that the decisions from the courts of Maryland are entitled to the greater weight by reason of the care and consideration given to the determination of the question involved.

The case of *Brown* v. *Ravencraft,* 88 Md. 216, 44 Atl. 170, discusses with great care and precision the question under consideration, and reviews the authorities relied on by appellant, concluding by establishing the rule previously announced by Judge Story, that the nonjoinder in actions of this character is not available unless properly pleaded by plea in abatement. (See, also, *Anderson* v. *Stewart,* 108 Md. 340, 70 Atl. 228; *D'Wolf* v. *Harris,* 4 Mason, 515, Fed. Cas. No. 1221.)

MR. JUSTICE FARR delivered the opinion of the court.

This is an action in replevin to recover from the defendant, as sheriff, the possession of an automobile seized by the sheriff on an execution issued on a judgment against one Joseph M. Rheinstrom.

Rheinstrom and the Navy Yard Development Company, a corporation, purchased of one O. A. Tronrud, a certain auto-

[65 Mont. 517.]

mobile, the title thereto being taken by bill of sale in their names. A mortgage on the car was given Tronrud, executed by Rheinstrom, one of the owners, to secure the payment of notes given for a part of the purchase price. Tronrud assigned this mortgage and the notes secured thereby to the plaintiff, who was the holder and owner of the notes and mortgage at the time of the commencement of the action, some of which notes were then past due. Upon the seizure of the automobile by the defendant sheriff on the execution against Rheinstrom, plaintiff brought this action as the owner and holder of the notes and the mortgage securing them, to recover possession of the automobile from the sheriff upon the theory that it was entitled to possession under the terms of the mortgage. Defendant first demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. It being overruled, he then answered. Thereafter the cause was submitted to the court on an agreed statement of facts. The court found for the plaintiff, and defendant appeals from the judgment entered against him.

It is urged that the complaint does not state a cause of [1, 2] action. Whatever right the plaintiff had to bring or maintain this action as mortgagee is derived through Rheinstrom by virtue of the mortgage. Rheinstrom had only an undivided interest in the automobile. This clearly appeared from the complaint. Plaintiff grounds his claim of right to the immediate possession of the automobile "by virtue of its special property interest as assignee under said mortgage." It clearly appears, therefore, from the complaint that the plaintiff is not the exclusive owner of the property. It is the general rule, with but few, if any, exceptions, that, to enable a person to maintain an action of replevin, his right to the possession of the chattel must be exclusive, and that one joint owner of a chattel cannot maintain an action against a stranger for its possession. (34 Cyc. 1393.) In 23 R. C. L., section 19, page 870, in referring to this rule, it is said: "The reason that underlies this rule is that until division has been

made neither of the parties owns any particular part of the property, more than the other, neither has the right to the exclusive possession of any particular portion of it. The general rule stated is universally applied where the common property consists of a specific chattel or a single piece of property, or where the things in their nature are so far indivisible that the share of one is not susceptible of delivery without the whole.''

We think that the complaint is insufficient, in that it clearly appears therefrom that the plaintiff does not alone have the right to the possession of the automobile, and therefore does not have the right to maintain this action.

Plaintiff contends' that the defect of parties plaintiff, appear-
[3] ing on the face of the complaint, should have been raised by special demurrer on that ground, and, not having been so raised, it is to be deemed to have been waived. While this is the general rule, it is not applicable to a complaint such as this, in an action of replevin. The fact that the plaintiff's complaint shows affirmatively that it is not, under the mortgage by virtue of which it claims the right to immediate possession of the automobile, entitled to its exclusive possession, goes to the insufficiency of the complaint in stating a cause of action, not merely to a nonjoinder or defect of parties plaintiff. To hold that the failure to join a necessary party as plaintiff in, or to permit one co-owner to alone maintain, a replevin action where the fact of joint ownership appears on the face of the complaint, if not raised by special demurrer on that ground, is to be deemed waived, would be to entirely ignore the language of section 9238 of the Revised Codes of 1921, that ''The defendant may by answer defend on the ground that a third person was entitled to the property, without connecting himself with the latter's title.''

The mortgage made the basis of the plaintiff's claim to possession is not in the language, as respects the mortgagee's right to possession upon condition broken, common to chattel mortgage forms generally in use in this state, and the defendant contends that the mortgage does not give the mortgagee, or

his assignee, upon condition broken, the right of possession; but it is not necessary to pass on this question.

The judgment appealed from is reversed and the cause is remanded, with directions to enter judgment in favor of the defendant and against the plaintiff.

*Reversed.*

'ASSOCIATE JUSTICES HOLLOWAY and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE COOPER did not hear the argument, and take no part in the foregoing decision.